IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JESUS ALVAREZ, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-779C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiffs, Jesus Alvarez, et al., defendant, the United States, admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1 that plaintiffs are employees or former employees of defendant employed in GS-1101 shipbuilding specialist positions at the Mayport Naval Station in Jacksonville, Florida, and Kings Bay Naval Submarine Base near St. Mary's, Georgia; denies the remaining allegations contained in the first sentence of paragraph 1. The allegations contained in the second sentence of paragraph 1 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in paragraph 3 that plaintiff Jesus Alvarez lists an address in Deland, Florida as his address of record; admits the allegation contained in paragraph 3 that Jesus Alvarez has been employed by the United States Navy as a Shipbuilding Specialist,

GS-1101-12, at Mayport Naval Station in Jacksonville, Florida since May 28, 2006; denies the remaining allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegation contained in the first sentence of paragraph 4 that the additional plaintiffs identified in Appendix A are current or former employees of the Southeast Regional Maintenance Center at Mayport Naval Station in Jacksonville, Florida, and Kings Bay Naval Submarine Base near St. Mary's, Georgia; denies the allegation contained in the first sentence of paragraph 4 that the plaintiffs are presently or were formerly employed in "technical occupations;" admits the allegation contained in the first sentence of paragraph 4 that plaintiffs have given written consent to be plaintiffs in this action to the extent supported by the documents contained in Exhibit A, which are the best evidence of their contents; otherwise, denies the allegation contained in the first sentence of paragraph 4 that plaintiffs have given written consent to be plaintiffs in this action for lack of knowledge or information sufficient to form a belief as to their truth. The remaining allegations contained in the first sentence of paragraph 4 constitute conclusions of law to which no answer is required; to the to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 4.

5. The allegations contained in paragraph 5 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first sentence of paragraph 6 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 6.

7. The allegations contained in the first two sentences of paragraph 7 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, admits the allegations contained in the first two sentences of paragraph 7 to the extent supported by the statutes and regulations cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first two sentences of paragraph 7. The allegations contained in the third sentence of paragraph 7 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegation contained in the first sentence of paragraph 8 that plaintiffs were employed as Shipbuilding Specialists, GS-1101-12; denies the remaining allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 8 that plaintiffs sometimes worked in excess of 40 hours per week and/or 8 hours per day; denies the remaining allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in the first sentence of paragraph 11 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 11 that the employment and work records of plaintiffs are in the possession, custody, and control of defendant; denies the remaining allegations contained in the second sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 11 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Catherine D'Andrea
Southeast Regional Maintenance Center
Office of General Counsel
Department of the Navy

February 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle