IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JESUS ALVAREZ, et al. | ) | |
| | ) | Case No. 06-779C |
| | ) | (Judge Firestone) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, the parties respectfully submit the following Joint Preliminary Status Report.

a. Does the Court have jurisdiction over this action?

Plaintiffs believe that the Court possesses subject matter jurisdiction to entertain this action pursuant to the Tucker Act, 28 U.S.C. §1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated and the reasons therefore?

The parties request bifurcation of damages and liability for trial.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefore and the proposed duration?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

Pursuant to the Court's rules, should additional similarly situated employees come forward and request to participate in this lawsuit, plaintiffs' counsel will move for leave to file an amended complaint to add additional plaintiffs who wish to participate in this litigation. Defendant may oppose such motion on the basis that proposed plaintiffs are not similarly situated, or upon any other applicable basis. Plaintiffs propose that they be permitted to add plaintiffs to this case until 45 days prior to the close of discovery.

g. Does either party intend to file a motion pursuant to Rule 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

At this time, plaintiffs believe that upon the completion of discovery and in the event that this case does not settle, they will likely file a dispositive motion pursuant to Rule 56. At this time, defendant has not yet determined whether it will file a dispositive motion.

h. <u>What are the relevant factual and legal issues?</u>

Based upon a review of the case thus far, the parties believe that the primary issues are as follows:

1. Whether plaintiffs are entitled to receive overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207, during the time they have been or were employed by the United States by the U.S. Navy in the position of GS-1101-12 ship building specialists at the Mayport Naval Station or at Kings Bay Naval Submarine Base.

2. Whether the plaintiffs are or were exempt from the provisions of the FLSA, 29 U.S.C. §213(a), during the time that they have been or were employed by the United States by the U.S. Navy at the Mayport Naval Station or at Kings Bay Naval Submarine Base in positions classified as GS-12-1101 ship building specialists.

3. In the event plaintiffs prevail upon the issue of liability, whether the plaintiffs are entitled to an award of liquidated damages on their FLSA claims pursuant to 29 U.S.C. §216(b).

4. The amount of backpay and liquidated damages, if any, to which each plaintiff is entitled.

5. If plaintiffs are the prevailing parties, the amount of reasonable attorney fees and other costs to which they are entitled pursuant to 29 U.S.C. 216(b).

i. What is the likelihood of settlement?
Is alternative dispute resolution contemplated?

The parties anticipate pursuing settlement discussions during and subsequent to the initial discovery period. The parties will also consider whether they wish to engage in alternative dispute resolution procedures through the Court's ADR pilot program, once discovery has given the parties an opportunity to assess their respective litigation risks.

j. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling, and, if so, the reasons why the case is appropriate therefore?

The parties are currently unable to predict whether this matter will proceed to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that any trial would take place in Washington, D.C.

k. Are there special issues regarding electronic case management needs?

The parties have no special issues regarding electronic case management needs at this time.

l. Is there any other information of which the Court should be aware at this time?

There is no additional information of which the Court should be aware at this time.

Proposed Discovery Plan

In accordance with the parties' February 8, 2007 status conference with ADR Judge Horn, the parties have agreed to initially engage in limited discovery to determine the need for further discovery following conclusion of the limited discovery. Under this plan, defendant will take four (4) plaintiff depositions, with two deponents selected by defendant and two deponents selected by plaintiffs. Simultaneously, plaintiffs will take Rule 30(b)(6) depositions related to defendant's administrative exemption defense. In addition, prior to the commencement of the Rule 30(b)(6) depositions, plaintiffs will serve a limited number of interrogatories and requests for production of documents. Defendant will also serve a limited number of interrogatories upon the plaintiffs.

The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | April 3, 2007 |
| Close of Initial Discovery: | August 31, 2007 |

The parties propose that they file a status report on September 10, 2007 concerning the necessity for further discovery or whether the parties would like to move for a stay to enter into alternative dispute resolution with Judge Horn or to engage in settlement negotiations.

Respectfully submitted,

s/ Molly Elkin
MOLLY A. ELKIN
Woodley & McGillivary
1125 15th Street, N.W, Suite 400
Washington, D.C. 20005
(202) 833-8855

Attorney for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
TEL: (202) 305-1709
FAX: (202) 307-0972

Attorneys for Defendant

March 28, 2007