IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JESUS ALVAREZ, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-779C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, the parties hereby jointly move for a protective order to enable defendant to produce records requested by plaintiffs which contain material protected from disclosure under the Privacy Act, 5 U.S.C. § 552a. The parties also jointly request that the Court order defendant to produce the records requested by plaintiffs which contain material protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, to enable defendant to produce the requested records pursuant to 5 U.S.C. § 552a(b)(11).

Plaintiffs have served document requests upon defendant requesting plaintiffs' performance evaluations and official records of plaintiffs' training, travel, and earnings. See Ex. 1. Plaintiffs have also requested documents discussing whether individuals other than plaintiffs were exempt from the overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a). Id. The Privacy Act provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b). The term "record" is broadly defined as "any item, collection, or grouping of information about an individual that is

maintained by an agency, including, but not limited to, his education, financial transactions, medical history, criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual . . . ." 5 U.S.C. § 552a(a)(4). Absent a protective order and an order from the Court instructing defendant to produce the requested records, defendant will be unable to produce the requested documents relating to individuals other than plaintiffs.

The Privacy Act, however, permits the agency to produce such "records" pursuant to a court order. 5 U.S.C. § 522a(b)(11). The parties, therefore, believe that a protective order and an order instructing defendant to produce the documents requested by plaintiffs which contain material protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, would facilitate discovery in this case.

For these reasons, the parties respectfully request that the Court issue a protective order and an order instructing defendant to produce the documents requested by plaintiffs which contain material protected by the Privacy Act, 5 U.S.C. § 552a. The parties have attached a proposed protective order for the convenience of the Court.

Respectfully submitted,

s/Molly A. Elkin
MOLLY A. ELKIN
Woodley & McGillivary
1125 15th Street, N.W, Suite 400
Washington, D.C. 20005
(202) 833-8855

Attorney for Plaintiffs

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Tara Kilfoyle
TARA KILFOYLE
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
TEL: (202) 305-1709
FAX: (202) 307-0972

Attorneys for Defendant

July 25, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JESUS ALVAREZ, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-779C |
| v. | ) | |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PROPOSED PROTECTIVE ORDER

Plaintiffs in this action and defendant, the United States, have agreed upon and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") for the purpose of protecting Protected Information as defined below. The materials identified below shall only be disclosed and used by the parties upon the following terms and conditions:

1. "Protected Information" as used herein means: (a) any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, the individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph, or any other information required to be kept confidential pursuant to the Privacy Act of 1974, 5 U. S. C. § 552a.

2. Protected Information shall be used by plaintiffs solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated

in any form except as provided herein, except that this Protective Order shall not restrict any plaintiff in regard to use of their own Protected Information.

3. Protected information may be provided only to the Court and to individuals authorized by this Protective Order (hereinafter, "Authorized Person"). Protected information provided to the Court must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with**

**U.S. Court of Federal Claims Protective Order**

or with similar language. The inadvertent absence of such a label upon any particular copy or version of an item that has elsewhere been labeled as Protected Information shall not, in itself, however, mean that the unmarked copy or version is not protected information. If a document cannot be conveniently labeled as described above, it may be designated as Protected Information in a separate writing served upon the receiving party.

(b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

4. Information disclosed in a deposition or at trial may be designated as Protected Information by indicating on the record the portion of the testimony that contains Protected

Information, or by serving a written notification upon the party that elicited or proffered the information within 30 days of the receipt of the transcript by counsel for the designating party. A copy of the written notification, identifying the specific pages and lines of the transcript subject to this protective order, shall be attached to the transcript and every copy of the transcript possessed by any party or its agents, and the transcript shall be Protected Information. All information disclosed during a deposition shall be treated as protected information for at least 30 days after the transcript has been received by counsel for any designating party, except that the witness may review the transcript at any time.

5. If a party makes available documents for inspection prior to copying, or things for inspection, all documents and things made available shall be treated as Protected Information for purposes of the inspection only. If the inspecting party then selects any documents for copying, or things for further inspection, the producing party shall, before the copying or further inspection, label any documents or things it wishes to designate as Protected Information.

6. An Authorized Person under this protective order includes only:

(a) the Court, persons employed by the Court, and stenographers transcribing testimony or argument at deposition, hearing, or trial;

(b) the attorney of record for plaintiffs, attorneys working with that attorney on this litigation, and their legal assistants and support staff members;

(c) each plaintiff shall be an Authorized Person for purposes of their own protected information. However, no plaintiff shall have access to the protected information of any other plaintiff or any other individual unless counsel for defendant receives prior written consent from each plaintiff or individual whose information is to be shared with other plaintiffs.

(d) the attorney of record for the Government and other personnel of the Department of Justice, the Department of the Navy, or any department or agency of the Government involved with this lawsuit;

(e) experts and consultants retained by a party or a party's counsel for this litigation, whether or not designated as testifying experts;

(f) any person agreed to by the parties in writing or allowed by the Court.

7. Authorized Persons identified in subparagraphs 4(e) and (f) above, shall, before receiving Protected Information, be provided a copy of this protective order and assent to its terms by executing an acknowledgment statement similar or identical to Attachment A below.

8. A party that files a pleading in this case may file a proposed redacted copy of the pleading with the claimed Protected Information deleted and clearly marked "Proposed Redacted Copy" in the upper right hand corner of the first page. Within five business days after its receipt of the proposed redacted copy, the other party shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy – May Be Made Public" in the upper right-hand corner of the page. During the five-day period, the proposed redacted copy shall be treated as protected. At the expiration of the five-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

9. Any party may at any time object to another party's designation of particular information as protected. Counsel for the objecting party will notify the designating party in writing of the objection and the basis for the objection. Thereafter, the parties will confer and, if within ten (10) calendar days from receipt of the party's notice of objection, the parties cannot

resolve the disagreement, the designating party, within twenty (20) calendar days of the date on which the parties determine that they cannot resolve the dispute, may file a motion with the Court seeking a resolution of the issue. Until the Court rules otherwise, the parties agree to treat all information subject to an objection as Protected Information and subject of the terms of this protective order.

10. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

11. At the conclusion of the proceedings before this Court and any related appeal, every Authorized Person (except the Court and Government personnel) shall promptly destroy all protected information and/or return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

12. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

13. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

14. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing

that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

15. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, plaintiffs' or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

ORDERED:

Dated: _______________

___________________________________
THE HONORABLE NANCY B. FIRESTONE
Judge, United States Court of
Federal Claims

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

______________________________ , certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in Alvarez, et al,. v. United States, No. 06-779C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the copy of the protective order attached hereto, and that I will be bound by and comply with the terms of the order, including any amendments by the Court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for the United States for disposition in accordance with the protective order.

Date: ___________________

Signed:_____________________________

Print Name: _________________________

CERTIFICATE OF FILING

I hereby certify that on July 25, 2007, a copy of the foregoing “JOINT MOTION FOR A PROTECTIVE ORDER” and “PROPOSED PROTECTIVE ORDER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Tara J. Kilfoyle