IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JESUS ALVAREZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 06-779C<br>(Judge Firestone) |

PLAINTIFFS' FIRST REQUEST TO
DEFENDANT FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the Federal Court of Claims, the plaintiffs hereby request that the defendant produce the documents described below. The documents should be made available to plaintiffs' counsel for inspection and copying on or before July 6, 2007.

As used in this request, the term "document" means, without limitation, the following items, whether typed, printed, recorded, reproduced by hand, or if they are kept on computer disks, hard drives, in electronic mail, or the internet: rules, regulations, guidelines, policies, decisions, rulings, promulgations, orders, procedures, standards, instructions, directives, inquiries, requests, exceptions, petitions, communications, correspondence, letters, e-mails, memoranda, notices, forms, summaries or records of meetings and conferences, reports, notes, instruments, opinions, minutes, recommendations, proposals, submissions, records, data, circulars, bulletins, and all other papers and writings.

The documents sought in this request are those in the possession, custody or control of the defendant or any agent, representative, employee or attorney of the defendant who may have access, possession, custody or control, regardless of where located. The term "documents" includes the original and all copies of the document or any part of the document and all drafts of the document or any part of the document. The plural of any word encompasses and also refers to the singular.

The documents requested are as follows:

1. Since January 1974, all documents exchanged between the Office of Personnel Management (OPM) and any agencies or department of the defendant, or prepared by such agencies, which relate in any way to the application or non-application of OPM regulations, codified at 5 C.F.R. Part 551, to the jobs in the classification series occupied by plaintiffs, i.e., GS-1101 series.

2. All documents that relate to the job duties and responsibilities since November 20, 2003, of the GS-1101 position at the GS-11 and GS-12 grade levels including, but not limited to, employee handbooks, instructional manuals, training booklets and intra-agency memoranda and correspondence.

3. A copy of all instructions and manuals that defendant expect plaintiffs to use in any way in performing their work in the GS-1101 position during the time period after November 20, 2003.

4. All position descriptions relevant to each plaintiff's job during the time period from November 20, 2003 to the present including drafts of such position descriptions.

5. All performance evaluations and other documents used to evaluate each plaintiff's job performance during the time period from November 20, 2003 to the

present.

6. All documents that reflect the educational and training requirements for the GS-1101 position at the GS-11 and GS-12 grade levels.

7. All documents which reflect the education and training that the plaintiffs have received during the time they have worked for the defendant.

8. Since November 20, 2003, during the time the plaintiffs worked for the defendant, all documents that reflect each plaintiff's pay on a weekly or biweekly basis, including, but not limited to, all pay rates, time cards, payroll sheets and other payroll records applicable to the plaintiffs.

9. Since November 20, 2003, during the time that the plaintiffs worked for the defendant, all documents that reflect each plaintiff's hours of work on a daily, weekly and biweekly basis, including, but not limited to, all time cards, time sheets, payroll sheets and other payroll records applicable to the plaintiffs.

10. Since November 20, 2003, during the time period that the plaintiffs worked for defendant, all documents that reflect the amount of overtime paid to each plaintiff, on a weekly or biweekly basis, including, but not limited to, overtime paid under 5 U.S.C. § 5542, compensatory time as overtime, and overtime paid under the Fair Labor Standards Act.

11. Since November 20, 2003, the <u>Position Standards</u> in effect for positions classified in the occupational series held by the plaintiffs.

12. Since January 1974, all documents exchanged between the Office of Personnel Management (OPM) and any agencies or department of the defendant, or prepared by such agencies, which relate in any way to the exempt or non-exempt status

of employees of defendant regarding non-supervisory positions in the GS-1101 series held by the plaintiffs.

13. During the time period between April 1, 1986 to date, all documents exchanged between OPM and the United States Department of Defense in which the exemptions to the Fair Labor Standards Act (FLSA), set forth at 29 U.S.C. § 213(a), are discussed or referred to in any way.

14. All documents since 1986 exchanged between the U.S. Department of Labor and the United States Department of Defense in which the exemptions to the Fair Labor Standards Act (FLSA), set forth at 29 U.S.C. § 213(a), are discussed or referred to in any way.

15. Since 1994, all documents that reflect classification appeals to the U.S. Department of Defense, or to OPM, including the appeals themselves (it is permissible to redact the names of the individual employees who pursue the appeal) and any responses to the appeal, for the occupational series held by the plaintiffs (i.e., GS-1101) at the GS-9, GS- 11 and GS-12 pay grades.

16. Since 1974, all documents exchanged between OPM and the United States Department of Labor in which the administrative exemption to the Fair Labor Standards Act (FLSA), set forth at 29 U.S.C. § 213(a), is discussed or referred to in any way.

17. All documents (with respect to each plaintiff) which support any claim by defendant that such plaintiff is an exempt employee under the FLSA.

18. All documents (with respect to each plaintiff) that relate in any way to the question of whether such plaintiff is an exempt or non-exempt employee under the FLSA.

19. Since November 20, 2003, during the time the plaintiffs worked for the defendant, all documents that reflect each plaintiff's travel undertaken for the defendant including copies of travel orders and/or DD Forms 1610 and 1351 for each plaintiff.

20. All documents related to any defenses that defendant intends to raise to the claims in this case.

21. All documents referenced in defendants' April 3, 2007 initial disclosures.

June 7, 2007

Respectfully submitted,

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Attorney of Record

CERTIFICIATE OF SERVICE

This is to certify that one true and accurate copy of the Plaintiffs First Request to Defendant for Production of Documents was served by electronic mail and first class mail on the following counsel for defendant on this 7th day of June2007:

Tara J. Kilfoyle
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530

Molly A. Elkin