# In the United States Court of Federal Claims

**No. 06-779C**
**(Filed: July 27, 2007)**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * | |
| | * |
| **JESUS ALVAREZ, et al.,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **v.** | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| **Defendant.** | * |
| | * |
| * * * * * * * * * * * * * * * * * | |

## PROTECTIVE ORDER

Plaintiffs in this action and defendant, the United States, have agreed upon and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") for the purpose of protecting Protected Information as defined below. The materials identified below shall only be disclosed and used by the parties upon the following terms and conditions:

1. “Protected Information” as used herein means: (a) any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, the individual's education, financial transactions, medical history, and

criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph, or any other information required to be kept confidential pursuant to the Privacy Act of 1974, 5 U. S. C. § 552a.

2. Protected Information shall be used by plaintiffs solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein, except that this Protective Order shall not restrict any plaintiff in regard to use of their own Protected Information.

3. Protected information may be provided only to the Court and to individuals authorized by this Protective Order (hereinafter, "Authorized Person"). Protected information provided to the Court must be in a sealed parcel containing the legend "**PROTECTED INFORMATION ENCLOSED**" conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

(a) The first page of each document containing protected information is to be clearly marked as follows:

**Protected Information to be Disclosed Only in Accordance with**

**U.S. Court of Federal Claims Protective Order**

or with similar language. The inadvertent absence of such a label upon any particular copy or version of an item that has elsewhere been labeled as Protected Information shall not, in itself, however, mean that the unmarked copy or version is not protected information. If a document cannot be conveniently labeled as

described above, it may be designated as Protected Information in a separate writing served upon the receiving party. (b) Any courtesy copies of protected information that are filed with the Court for use by the judge should be marked as such.

(c) The Court will maintain properly marked protected pleadings or information under seal.

4. Information disclosed in a deposition or at trial may be designated as Protected Information by indicating on the record the portion of the testimony that contains Protected Information, or by serving a written notification upon the party that elicited or proffered the information within 30 days of the receipt of the transcript by counsel for the designating party. A copy of the written notification, identifying the specific pages and lines of the transcript subject to this protective order, shall be attached to the transcript and every copy of the transcript possessed by any party or its agents, and the transcript shall be Protected Information. All information disclosed during a deposition shall be treated as protected information for at least 30 days after the transcript has been received by counsel for any designating party, except that the witness may review the transcript at any time.

5. If a party makes available documents for inspection prior to copying, or things for inspection, all documents and things made available shall be treated as Protected Information for purposes of the inspection only. If the inspecting party then selects any documents for copying, or things for further inspection, the producing party shall, before the copying or further inspection, label any documents or things it wishes to

designate as Protected Information.

6. An Authorized Person under this protective order includes only:

(a) the Court, persons employed by the Court, and stenographers transcribing testimony or argument at deposition, hearing, or trial;

(b) the attorney of record for plaintiffs, attorneys working with that attorney on this litigation, and their legal assistants and support staff members;

(c) each plaintiff shall be an Authorized Person for purposes of their own protected information. However, no plaintiff shall have access to the protected information of any other plaintiff or any other individual unless counsel for defendant receives prior written consent from each plaintiff or individual whose information is to be shared with other plaintiffs.

(d) the attorney of record for the Government and other personnel of the Department of Justice, the Department of the Navy, or any department or agency of the Government involved with this lawsuit;

(e) experts and consultants retained by a party or a party's counsel for this litigation, whether or not designated as testifying experts;

(f) any person agreed to by the parties in writing or allowed by the Court.

7. Authorized Persons identified in subparagraphs 4(e) and (f) above, shall, before receiving Protected Information, be provided a copy of this protective order and assent to its terms by executing an acknowledgment statement similar or identical to Attachment A below.

8. A party that files a pleading in this case may file a proposed redacted copy

of the pleading with the claimed Protected Information deleted and clearly marked "Proposed Redacted Copy" in the upper right hand corner of the first page. Within five business days after its receipt of the proposed redacted copy, the other party shall advise the party originating the pleading of any additional redactions they require. The originating party shall promptly provide each party with a copy of the pleading from which all information that any party has requested be redacted has been redacted and clearly marked "Agreed-Upon Redacted Copy – May Be Made Public" in the upper right-hand corner of the page. During the five-day period, the proposed redacted copy shall be treated as protected. At the expiration of the five-day period, or when agreement is reached, the agreed-upon redacted copy shall be filed with the Court by the originating party.

9. Any party may at any time object to another party's designation of particular information as protected. Counsel for the objecting party will notify the designating party in writing of the objection and the basis for the objection. Thereafter, the parties will confer and, if within ten (10) calendar days from receipt of the party's notice of objection, the parties cannot resolve the disagreement, the designating party, within twenty (20) calendar days of the date on which the parties determine that they cannot resolve the dispute, may file a motion with the Court seeking a resolution of the issue. Until the Court rules otherwise, the parties agree to treat all information subject to an objection as Protected Information and subject of the terms of this protective order.

10. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including but not limited to

physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

11. At the conclusion of the proceedings before this Court and any related appeal, every Authorized Person (except the Court and Government personnel) shall promptly destroy all protected information and/or return the protected information to the parties from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

12. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel for all parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

13. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

14. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

15. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach,

plaintiffs' or defendant's attorneys shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

______________________________ , certify my understanding that protected information is being provided to me pursuant to the restrictions of the protective order entered in Alvarez, et al,. v. United States, No. 06-779C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed the copy of the protective order attached hereto, and that I will be bound by and comply with the terms of the order, including any amendments by the Court. I understand that, except as provided in the protective order, at the conclusion of this litigation, all Protected Information, and any copies thereof, including but not limited to notes, summaries, digests, and transcriptions of such information, shall be returned to counsel for the United States for disposition in accordance with the protective order.

Date: ___________________

Signed:_____________________________

Print Name: ________________________